UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JON YOKUBAITIS ET AL**                CASE NO.  2:22-CV-04360

**VERSUS**                              JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE & CASUALTY CO**       MAGISTRATE JUDGE DAVID J. AYO

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO REOPEN CASE AND SET HEARING ON ENTITLEMENT TO ATTORNEY'S FEES HELD IN ESCROW (IOLTA) ACCOUNT, filed by the law firm of Cox, Cox. Filo, Camel, Wilson and Brown, LLC ("Cox").  (Rec. Doc. 27).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that Cox's motion be DENIED.

**Factual Background**

Plaintiffs Jon and Alyson Yokubaitis filed the instant suit on August 25, 2022, against State Farm Fire & Casualty Company ("State Farm").  (Rec. Doc. 1).  Plaintiffs' suit asserted state law claims against State Farm for breach of contract and bad faith under La. R.S. §§ 22:1892 and 1973 arising out of property damage allegedly incurred during Hurricane Laura.  (*Id.* at ¶¶ 26–41).  Plaintiffs' Complaint invoked the Court's diversity jurisdiction, alleging complete diversity and an amount in controversy sufficient to meet the jurisdictional threshold under 28 U.S.C. § 1332.  (*Id.* at ¶ 4).  The Complaint was filed on Plaintiffs' behalf by attorney Michael S. Barcus with the law firm of McClenny, Moseley & Associates, PLLC ("MMA") of Houston, Texas  (*Id.* at pp. 8–9).

Plaintiffs' suit was one of many filed by MMA on behalf of Louisiana residents against insurers following Hurricane Laura. Irregularities among such suits filed in the Western District of Louisiana prompted the Court to notice and conduct hearings, after which it issued an Order suspending MMA and its attorneys from practice before it for a period of 90 days. (Rec. Doc. 9). Shortly after issuance of this Order, attorney Thomas A. Filo of the Cox firm sought and was granted permission to enroll on Plaintiffs' behalf. (Rec. Doc. 11).

On August 22, 2023, the Court issued a *sua sponte* Order directing that MMA, its attorneys, and "all related parties" were "not entitled to any attorney fees, costs, and/or expenses" in the hurricane damage suits it filed in the Western District of Louisiana. *In re: McClenny Moseley & Associates, PLLC*, 3:23-MC-00062 at Rec. Doc. 37. On appeal, the Fifth Circuit vacated the Court's Order and remanded. 2024 WL 2874371 (5th Cir. June 7, 2024). Specifically, the Fifth Circuit found that the Court's *sua sponte* Order extinguished property rights belonging to MMA without providing MMA with notice and an opportunity to be heard on this issue. (*Id.* at *7).

One month before the Fifth Circuit's ruling, MMA filed a voluntary petition for Chapter 11 bankruptcy in the Southern District of Texas on April 9, 2024. *In re: MMA Law Firm, PLLC*, Bankr. Case No. 24-31596. As of the date of this Report and Recommendation, MMA's bankruptcy case remains pending before that court.

On December 3, 2024, Plaintiffs and State Farm jointly moved for dismissal of this suit, representing to the Court that "any and all claims asserted by Plaintiffs against Defendant" had been settled. (Rec. Doc. 25). The parties' joint motion was granted by Order dated December 4, 2024, and all claims were dismissed with prejudice. (Rec. Doc. 26).

On February 7, 2025, MMA filed an adversary proceeding against Cox "seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover

2

of estate property, and violation of the automatic stay." Bankr. Case No. 24-31596 at Rec. Doc. 531.  MMA's adversary complaint alleges that it entered into a Stipulation with Cox on October 16, 2024, pursuant to which Cox could continue prosecuting hurricane damage cases originally filed by MMA but would withhold attorney's fees in trust pending "a final determination regarding [MMA]'s entitlement to fees and costs." (*Id.* at ¶ 21).  A list of cases subject to the Stipulation—including this case—was attached to the Stipulation and subsequently attached to the adversary complaint. (*Id.* at ¶ 22, referring to Rec. Doc. 531-3).[1]  The adversary complaint further alleges that, despite express notice of the bankruptcy proceedings and execution of the Stipulation, Cox subsequently filed motions in cases identified in the Stipulation by which it sought court orders directing that defendants disburse settlement funds by instruments excluding MMA as a payee. (Rec. Doc. 531 at ¶¶ 24–26).  In furtherance of this claim, MMA attached copies of such orders filed in Civ. Act. Nos. 22-CV-4410 and 22-CV-4853 before the Western District of Louisiana.[2]

Cox's instant motion acknowledges MMA's current status as a debtor in Chapter 11 bankruptcy proceedings and MMA's filing of the adversary proceeding against it but points out that MMA never served Cox with that suit.[3]  (Rec. Doc. 27 at ¶ 9).  Cox asserts that this district court is one of competent jurisdiction in this matter based on the Fifth Circuit's remand in the sundry action 23-MC-00062 one month after MMA had filed its Chapter 11 Petition.  (*Id.* at ¶ 7).

---

[1] The list contains 39 cases, 27 which were filed in this Court.
[2] *Semiramis Karam v. Teachers Ins. Co.,* Civil Action No. 22-CV-4410 (Rec. Doc. 25; May 20, 2024 order granting, Rec. Doc. 27); *Fontenot v. Am. Bankers Ins. Co. of Fla.,* Civil Action No. 22-CV-4853 (Rec. Doc. 37; May 24, 2025 order granting, Rec. Doc. 38).
[3] The docket sheet from the adversary proceeding contains a Summons in an Adversary Proceeding issued by the clerk on February 11, 2025.  (Rec. Doc. 3 in Adversary Proceeding No. 25-03032, United States Bankruptcy Court, Southern District of Texas).  Federal Rule of Bankruptcy Procedure 7004 incorporates Federal Rule of Civil Procedure 4(m), which requires service within 90 days.  As of the date of this Report and Recommendation, the 90-day window is still open.

3

This Court has carefully reviewed Cox's motion, the record in this case, the record in MMA's Chapter 11 proceeding, and the Fifth Circuit's findings referenced above. Cox's arguments are addressed in turn below. No briefs were filed in opposition to Cox's motion, which the undersigned attributes to the unique nature of Cox's motion and MMA's pending Chapter 11 proceeding. Nevertheless, the undersigned finds the issues ripe for review.

## **Applicable Standards**

The Federal Rules of Civil Procedure do not expressly contemplate motions to reopen civil cases before district courts. Rather, such motions are generally viewed pursuant to Rules 59(e) or 60(b). *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2011 WL 6130788 at *3 (E.D. La. Dec. 7, 2011). Where, as here, such motion is filed outside of the 28-day window provided in Rule 59(e), it is construed as a motion pursuant to Rule 60(b). *Id.* (citing *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Rule 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic0, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The filing of a bankruptcy proceeding creates an estate comprised of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

> When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on

> > efforts to collect prepetition debts outside of the bankruptcy forum. *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 42 (2020). Those prohibited efforts include "any act…to exercise control over property" of the bankruptcy estate. 11 U.S.C. § 362(a)(3).

*City of Chicago, Ill. v. Fulton*, 592 U.S. 154, 156 (2021).

11 U.S.C. § 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief" from the automatic stay "for cause." A bankruptcy court has broad discretion in determining what constitutes cause based on the unique facts and circumstances of each case. *Bonneville Power Admin. v. Mirant Corp.*, 440 F.3d 238, 251–52 (5th Cir. 2006) (citing *Bustamonte v. Cueva*, 371 F.3d 232, 236 (5th Cir. 2004)).

## **Analysis**

Cox's motion seeks to reopen this case to obtain a declaratory judgment in its favor and against MMA as to MMA's property rights in attorney's fees and costs now held by Cox in its trust account. (Rec. Doc. 27). Construed as a motion under Rule 60(b), it should be denied because neither Cox nor MMA is a party to this suit. The dispute between these law firms concerning entitlement to attorney fees and costs is a wholly separate cause of action from the breach of contract and bad faith claims made by Plaintiffs against State Farm in this suit, now dismissed since December 4, 2024. (Rec. Doc. 26). Such claim is not the sort of matter over which the Court retains jurisdiction as contemplated in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Perhaps more importantly, Cox's motion represents an attempt to evade the automatic stay, which operates to bar Cox from proceeding against MMA's potential property interests in these funds held in trust outside of the purview of the bankruptcy court. The record in MMA's bankruptcy proceeding does not indicate whether Cox has been served with the adversary

proceeding, but this is irrelevant to the operation of the automatic stay. Cox's motion specifically seeks a hearing, as to which MMA would necessarily be the "defendant." Accordingly, Cox seeks to prosecute a claim against MMA, a debtor in bankruptcy, as to MMA's claimed property interest in the subject funds, which are clearly part of the bankruptcy estate under 11 U.S.C. § 541(a)(1). As such, Cox's motion appears to be a "prohibited effort" in violation of 11 U.S.C. § 362(a)(3). *Fulton, supra*.

Insofar as Cox believes it is entitled to relief from the automatic stay, permitting it to litigate the nature and extent of any property interest MMA may have in these and other similar funds in other cases, bankruptcy law provides Cox with an avenue for such relief in the form of a motion filed in the bankruptcy court. 11 U.S.C. § 362(d).

### Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO REOPEN CASE AND SET HEARING ON ENTITLEMENT TO ATTORNEY'S FEES HELD IN ESCROW (IOLTA) ACCOUNT (Rec. Doc. 27) filed by Cox, Cox. Filo, Camel, Wilson and Brown, LLC be DENIED in all respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party

from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 9th day of April 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**